# **EXHIBIT B**

# UNITED STATES BANKRUPTCY COURT

Northern District of Illinois, Eastern Division

In re Ibrahim Mubarak    Case No. 23-07031
        Debtor

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: _____
*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: n/a

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

   See Attachment

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

       CLERK OF COURT

_____    OR   _____
*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
   Gus A. Paloain, Chapter 7 Trustee   , who issues or requests this subpoena, are:

Jonathan M. Cyrluk / Carpenter Lipps LLP / 180 N. LaSalle, Suite 2105 / Chicago, IL 60601 /
cyrluk@carpenterlipps.com / 312-777-4820

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ___ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

   I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# DOCUMENT REQUEST

TO: [INSERT ADDRESSEE]

YOU ARE COMMANDED to produce the following documents:

## DEFINITIONS

1. The term "You" or "Your" shall refer to [_____] as well as affiliates or subsidiaries, predecessors, successors, parents, departments, divisions, joint ventures, and any other subsidiary, affiliate, organization, or entity managed or controlled by [_____], including those merged with or acquired, together with all present and former directors, officers, employees, agents, accountants, attorneys, auditors, representatives, consultants, advisors, and all other persons or entities acting or purporting to act on their behalf.

2. The term "Mr. Ibrahim" shall refer Mubarak Ibrahim as well as all agents, accountants, attorneys, auditors, representatives, consultants, advisors, and all other persons or entities acting or purporting to act on his behalf.

3. The term "Bank Accounts" shall include any checking, savings accounts, money market accounts, cash management accounts, brokerage accounts, certificates of deposit, savings bonds and similar interests.

4. The term "Bank Statement" shall mean any periodic reporting provided by a back, credit union, savings and loan, or other financial institution with respect to any Bank Account.

5. The term "Brokerage Statements" shall mean any periodic reporting provided by a stock broker, investment advisor, financial planner, or other person holding or advising with

respect to investments in stocks, bonds, mutual funds, or other securities regarding their holdings and their value.

6. The term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

8. The term "Federal Tax Returns" shall mean with respect to an individual any Form 1040 or 1040EZ and all attachments and schedules thereto filed with the Internal Revenue Service, with respect to any entity treated as a partnership for federal tax purposes any Form 1065 and all attachments and schedules thereto filed with the Internal Revenue Service, with respect to any entity treated as a corporation for federal tax purposes any Form 1120 or 1120-S and all attachments and schedules thereto filed with the Internal Revenue Service, and for any trust, domestic decedent's estate, or bankruptcy estate any From 1041 and all attachments and schedules thereto filed with the Internal Revenue Service, or any other tax form you file with the Internal Revenue Service or any other agency or arm of the federal government related to the calculation of Your liability or the liability of Your shareholders, partners, or beneficiaries for any form of tax assessed by or payable to the federal government, its agencies, or arms.

9. The term "Ibrahim Business Associates" shall mean the persons identified on the attached Schedule 1 as well as any entities for which those persons have at least a 10% ownership interest or otherwise exercise control over.

10. The term "Ibrahim Family" shall mean Fatema Ghoura, Mohamed Ibrahim, Sawsan Homsi, Abdullah Ibrahim, Hamzah Ibrahim, Mariam Ibrahim, or anyone else who is Mr. Ibrahim's parent, spouse, former spouse, child, grandchild, aunt, uncle, or cousin either by blood, adoption, or marriage.

11. The term "Relevant Entities" shall mean the entities identified on the attached Schedule 3, as well as any or subsidiaries, predecessors, successors, parents, departments, divisions, joint ventures, and any other subsidiary, affiliate, organization, or entity managed or controlled by them, including those merged with or acquired, together with all present and former directors, officers, employees, agents, accountants, attorneys, auditors, representatives, consultants, advisors, and all other persons or entities acting or purporting to act on their behalf.

12. The term "Relevant Real Estate" shall mean the real estate parcels identified on the attached Schedule 2.

13. The term "State Tax Returns" shall mean any filing You make with any state related to the calculation of Your sales, income, assets, or activities to help with the calculation of any tax assessed by or payable to the state.

14. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

15. "Relating to" shall mean evidencing, memorializing, comprising, connected with, mentioning, describing, containing, enumerating, involving or in any way concerning, pertaining, being connected with, reflecting upon, or resulting from a stated subject matter whether in whole or in part or directly or indirectly.

16. The following rules of construction apply to all discovery requests:

      a.      All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

      b.      And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

      c.      Number. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. These requests encompass all documents in Your possession, custody, or control, whether or not such documents were prepared by or for You. Where documents in Your possession, custody, or control are requested or inquired of, such request or inquiry includes documents in the possession, custody, or control of each of Your current and former direct and indirect affiliates, subsidiaries, predecessors, successors, employees, directors, agents, accountants, attorneys, auditors, representatives, consultants, advisors, all other persons or entities acting or purporting to act on behalf of You, and any other persons or entities from which You could obtain documents.

2. If You contend that no documents exist relating to all or part of a request, You shall state this contention and respond as fully as possible to all parts of the request for which documents exist.

3. If You claim that any privilege or protection excuses production of any document or part thereof, You must expressly make such claim in writing and provide a general description of the categories of documents being withheld and the basis for doing so, sufficient in detail for the Debtors to determine whether there is an adequate basis for invoking privilege or protection.

4. In the event that any document covered hereunder has been destroyed, discarded, or lost, You shall inform Debtors of this in writing and provide a general description of the categories of documents destroyed or lost and the circumstances of their destruction or loss.

5. If any document cannot be produced in full, it shall be produced to the maximum extent possible and You shall specify in writing the reasons for their inability to produce the remainder.

6. Each document is to be produced with all non-identical copies and drafts thereof in their entirety without abbreviation or redaction (other than for a claim of privilege, consistent with the Instructions herein).

7. Unless Debtors and You mutually agree upon another format for production, all documents shall be produced in native electronic format together with standard-format load files (indicating any parent/child attachment relationships, Bates designation cross-reference table if applicable, and MD5HASH values), and shall be produced together with all original metadata and searchable text.

8. Unless stated otherwise, the time period applicable to the documents called for is from January 1, 2018, through the date of the document requests (the "**Relevant Period**"), subject to Your ongoing obligations to supplement responses under the applicable rules.

## DOCUMENT REQUESTS

1. Any Documents evidencing Your current or past ownership, either directly or indirectly through one or more entities, at any point during the Relevant Period of any of the Relevant Real Estate.

2. All Documents (including all Communications) Relating to Your purchase, other form of acquisition, or receipt as a gift of any legal or equitable interest, either directly or

indirectly through one or more entities, during the Relevant Period of any of the Relevant Real Estate.

3. All Documents (including all Communications) Relating to Your sale or other disposition of any legal or equitable interest, either directly or indirectly through one or more entities, during the Relevant Period of any of the Relevant Real Estate.

4. All Documents (including all Communications) Relating to the granting in favor of You, or any entity You have either a direct or indirect ownership interest in or control of, during the Relevant Period of a security interest in any of the Relevant Real Estate.

5. All Documents (including all Communications) Relating to the receipt by You, or any entity You have either a direct or indirect ownership interest in or control of, during the Relevant Period of funds secured by a security interest in any of the Relevant Real Estate.

6. All Documents (including all Communications) Relating to the receipt during the Relevant Period by You, or any entity You have a direct or indirect ownership interest in or control of, rents or any other form of payments for use or access to any of the Relevant Real Estate.

7. All Documents (including all Communications) Relating to the payment by You, or any entity You have a direct or indirect ownership interest in or control of real property taxes for any of the Relevant Real Estate.

8. All Documents (including all Communications) Relating to any challenge filed by You, any entity You have a direct or indirect ownership interest in or control of, on Your Behalf, or on the behalf of any entity You have a direct or indirect ownership interest in or control of, during the Relevant Period to the assessed value or taxes levied on any of the Relevant Real Estate for purposes of any state or local property taxes, including any claims for refunds.

{903341-1}  9

9. All Documents (including all Communications) Relating to the usage by You, or any entity You had or have a direct or indirect ownership interest in or control of, during the Relevant Period of the Relevant Entities.

10. Any Documents evidencing Your current or past ownership, either directly or indirectly through one or more entities, at any point during the Relevant Period of the Relevant Entities.

11. All Documents (including all Communications) Relating to Your purchase, other form of acquisition, or receipt as a gift during the Relevant Period of any legal or equitable interest, either directly or indirectly through one or more entities, of any of the Relevant Entities.

12. All Documents (including all Communications) Relating to Your sale or other disposition during the Relevant Period of any legal or equitable interest, either directly or indirectly through an entity you have an ownership interest in or control of, of any of the Relevant Entities.

13. All Documents (including all Communications) Relating to the granting in favor of You, or any entity You have a direct or indirect ownership interest in or control of, during the Relevant Period of a security interest in the Relevant Entities or their assets.

14. All Documents (including all Communications) Relating to the receipt during the Relevant Period by You, or any entity You have a direct or indirect ownership interest in or control of, funds secured by a security interest in the Relevant Entities or their assets.

15. All Documents (including all Communications) Relating to the receipt during the Relevant Period by You, or any entity You have a direct or indirect ownership interest in or control of, of funds from and of the Relevant Entities or the Ibrahim Business Associates.

16. All Federal Tax Returns for the Relevant Entities Relating to any part of the Relevant Period.

17. All State Tax Returns for the Relevant Entities Relating to any part of the Relevant Period.

18. All Bank Statements for any Bank Account in which Mr. Ibrahim, the Ibrahim family, the Ibrahim Business Associates, and the Relevant Entities had a direct or indirect legal or equitable interest in during any part of the Relevant Period.

19. All Brokerage Statements for any account or investment in which Mr. Ibrahim, the Ibrahim family, the Ibrahim Business Associates, and the Relevant Entities had a direct or indirect legal or equitable interest in during any part of the Relevant Period.

20. All Documents (including all Communications) Relating to the receipt by You, or any entity You have a direct or indirect ownership interest in or control of, during the Relevant Period of funds from Mr. Ibrahim, the Ibrahim Family, or the Ibrahim Business Associates.

21. All Documents (including all Communications) Relating to any direct or indirect payments or transfers by You, either directly or indirectly through one or more entities have ownership of or control of, during the Relevant Period to or for the benefit of Mr. Ibrahim, the Ibrahim Family or the Ibrahim Business Associates.

22. All Documents (including all Communications) Relating to the direct or indirect payments by You, or any entity You have an direct or indirect ownership interest in or control of, during the Relevant Period of any expenses of, or behalf of, Mr. Ibrahim or the Ibrahim Family.