## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | BK No. 23-07031 |
| MUBARAK H. IBRAHIM, | Chapter 7 |
| Debtor. | Hon. Jacqueline Cox |
| | Hearing date: February 11, 2025 |
| | Hearing time: 1:00 P.M. |
| | Place: Courtroom 680 or Zoom |

### NOTICE OF CHAPTER 7 TRUSTEE'S MOTION TO COMPEL BADR ALI, WALID ALI, AND AMMAR ALESAYI

To:   See attached Service List

PLEASE TAKE NOTICE that on **February 11, 2025, at 1:00 P.M.**, I will appear before the Honorable Jacqueline Cox, or any judge sitting in that judge's place, **either** in courtroom 680 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, **or** electronically as described below, and present the **Chapter 7 Trustee's Motion to Compel Badr Ali, Walid Ali, and Ammar Alesayi**, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is 161 273 2896, and the passcode is 778135. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Dated: February 4, 2024

GUS A. PALOIAN, in his capacity as the Chapter 7 Trustee of the Debtor's Estate

By:     /s/ *Jonathan M. Cyrluk*
       Jonathan M. Cyrluk

Jonathan M. Cyrluk
Steven C. Moeller
CARPENTER LIPPS LLP
180 North LaSalle Street, Suite 2105
Chicago, Illinois 60601
312-777-4300 (tel)
312-777-4839 (fax)
cyrluk@carpenterlipps.com
moeller@carpenterlipps.com

David A. Beck*
CARPENTER LIPPS LLP
280 North High Street, Suite 1300
Columbus, Ohio 43215
614-365-4100 (tel)
614-365-9145 (fax)
beck@carpenterlipps.com

*Special counsel to Chapter 7 Trustee Gus A. Paloian*

*\*Pro hac vice*

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that on February 4, 2025, he caused to be served a true and correct copy of each of the **Notice of Chapter 7 Trustee's Motion to Compel Badr Ali, Walid Ali, and Ammar Alesayi** and the **Chapter 7 Trustee's Motion to Compel Badr Ali, Walid Ali, and Ammar Alesayi**, to be served via (1) the Court's CM/ECF electronic noticing system, upon all registered participants in this proceeding, so identified on the attached Service List and (2) certified US Mail upon the parties so identified on the attached Service List.

                                                                   */s/ Jonathan M. Cyrluk*
                                                                 Jonathan M. Cyrluk
                                                                 CARPENTER LIPPS LLP
                                                                 180 North LaSalle Street, Suite 2105
                                                                Chicago, Illinois 60601
                                                                312-777-4820 (tel)
                                                                312-777-4839 (fax)
                                                                cyrluk@carpenterlipps.com

                                                               *Special counsel to Chapter 7 Trustee Gus A. Paloian*

3

## SERVICE LIST

<u>Service Via CM/ECF</u>

| | |
|---|---|
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov; |
| Kimberly Bacher | kimberly.bacher@usdoj.gov, kimberlyabacher@hotmail.com; |
| Chester H Foster | chf@fosterlegalservices.com, dbf@fosterlegalservices.com; |
| Keevan D. Morgan | kmorgan@morganandbleylimited.com |
| Ariel Weissberg | ariel@weissberglaw.com, Hava@weissberglaw.com; rakesh@weissberglaw.com; oleh@weissberglaw.com; 6010998420@filings.docketbird.com; varun@weissberglaw.com |
| Gus A Paloian | gpaloian@seyfarth.com, jmcmanus@seyfarth.com; agoehl@seyfarth.com; ecf.alert+Paloian@titlexi.com; 3275759420@filings.docketbird.com |
| Paul Yovanic Jr. | pyovanic@seyfarth.com, tbrown@seyfarth.com |
| Konstantine T. Sparagis | gsparagi@yahoo.com, Gus@konstantinelaw.com; Morgan@konstantinelaw.com; Drew@konstantinelaw.com |

<u>Service Via Certified US Mail</u>

Badr Ali
9113 S. 84th Street
Hickory Hills, IL 60457-1801

Walid Ali
9201 Orchard Lane
Bridgeview, IL 60455-2215

Ammar Alesayi
5308 W. 109th Street
Oak Lawn, IL 60453-6337

4

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | BK No. 23-07031 |
| MUBARAK H. IBRAHIM, | Chapter 7 |
| Debtor. | Hon. Jacqueline Cox |
| | Hearing date: February 11, 2025<br>Hearing time: 1:00 P.M.<br>Place: Courtroom 680 or Zoom |

**CHAPTER 7 TRUSTEE'S MOTION TO COMPEL BADR ALI, WALID ALI, AND AMMAR ALESAYI**

Gus A. Paloian, in his capacity as the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the debtor, Mubarak H. Ibrahim, respectfully moves to compel **Badr Ali, Walid Ali, and Ammar Alesayi** (collectively, "**Respondents**") to produce documents under the Court's oral order of January 7, 2025 within 24 hours of any order on this motion and award the Estate reasonable attorneys' fees and costs in connection with this motion.

I. **Introduction**

1. In 2016, the debtor owned a valuable gas station and retail space at 11900 Marshfield Avenue in Calumet Park. Respondents were involved in a series of transactions by which the property and its associated business were transferred to others. The Trustee is investigating those transactions and the debtor's continued involvement in the business after it was transferred out of his name, to determine what if any interest the debtor's Estate may have in the real estate or the business.

2. Pursuant to orders granting the Trustee leave to serve numerous Rule 2004 subpoenas, the Trustee served Respondents with subpoenas in July and August of *last year*. In September 2024, Respondents served written responses and objections and made modest document

1

productions. In October 2024, Respondents objected to Rule 2004 subpoenas this Court authorized the Trustee to serve on various banks. To resolve these matters, in December 2024 the Trustee provided Respondents with a detailed, written explanation of the documents he sought from Respondents. Respondents' counsel agreed in open court that the Trustee's requests were reasonable. Accordingly, on January 7, 2025, the Court orally ordered Respondents to produce documents by January 24, 2025. Respondents' counsel confirmed in writing that he understood the Court to have ordered his clients to produce documents.

3.  However, apparently based on a mistaken notation on the ECF entry, the Court did not sign the proposed order submitted by the Trustee's counsel on January 7. The Trustee brought the matter to the attention of Respondents' counsel. Whatever their excuse, Respondents did not produce documents on January 24, 2025. Accordingly, the Trustee seeks an order directing Respondents to comply with the January 7 order within 24 hours. Respondents have had the subpoenas for six months, and the Trustee's written explanation for nearly two. It is time for Respondents to comply in full.

**II.    Background**

4.  On May 28, 2023, the debtor filed a voluntary chapter 7 petition and the Trustee was appointed. (Dkt. 1.)

5.  On June 19, 2024, the Trustee filed a motion for leave to issue Rule 2004 subpoenas to numerous parties, including Respondents. (Dkt. 47.) The Court granted the motion on July 2, 2024. (Dkt. 51.) The Trustee served the subpoenas on Respondents by certified mail sent July 19, 2024. Respondents received the subpoenas on July 20, 2024 (Badr Ali), July 25, 2024 (Ammar Alesayi), and August 3, 2024 (Walid Ali). (*See* **Group Exhibit 1**.) *See Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (holding subpoena can be served by certified mail).

2

6. On August 27, 2024, Respondents' counsel, Konstantine Sparagis, filed a motion to quash the Rule 2004 subpoenas on behalf of another party, Mamoun Abdoh. (Dkt. 55.) Respondents' counsel then contacted the Trustee's counsel, obtained complete copies of all three subpoenas in early September (certain schedules had been accidentally omitted from the rider) (**Exhibit 2**), and agreed with the Trustee's counsel that Respondents would respond with objections by September 20, 2024 and produce documents by October 14, 2024. These dates were reflected in an agreed order entered by the Court on the motion to quash. (Dkt. 61.)

7. On September 20, 2024, Respondents produced written objections. (**Exhibit 3**.)[1] On October 15, 2024, Respondents produced documents.

8. Beginning mid-October 2024, Respondents objected to Rule 2004 subpoenas issued to various financial institutions that the Court had given the Trustee leave to issue. (Dkt. 58.) In particular, Respondents objected to the production of any of their bank statements or account information. The Trustee agreed not to pursue those documents while the parties addressed Respondents' objections.

9. The Court continued Abdoh's motion to quash several times, so that the parties could discuss Abdoh and Respondents' objections. (Dkt. 62, 55, 68.) At a December 10, 2024 hearing, the Court asked the Trustee to provide Respondents with a written description of what the Trustee is seeking. (Dkt. 68.) On December 16, 2024, the Trustee provided Respondents with a letter explaining what the Trustee sought. (**Exhibit 4**.) On December 17, 2024, the Court held a hearing. At that hearing, Respondents' counsel stated that the requests in the Trustee's letter were reasonable and that Respondents' concern was that the Court enter a protective order. The Court continued the matter to January 7, 2025. (Dkt. 69.)

---

[1] The titles of two of the documents comprising **Exhibit 3** mistakenly identify the responding party as Ammar Alesayi, but the first line and the signature block of each document make clear who is the responding party.

3

10. On January 7, 2025, the Court orally ordered Respondents to produce documents on January 24, 2025. The Court directed the parties to submit two orders, an order containing the production date and a protective order. The Trustee's counsel filed those proposed orders on ECF. (Dkts. 78-79.) Respondents' counsel had seen the order containing the production date and it reflected his edits. (**Exhibit 5**.) It appears that ECF staff mistakenly assumed that one of the orders was a duplicate of the other, made a notation (Dkts. 78, 90), and as a result the Court entered the protective order (Dkt. 79) but not the order with the production date (Dkt. 78).

11. Respondents understood themselves to be under an order to produce on January 24, 2025, because on January 9, 2025, Respondents' counsel wrote the Trustee's counsel providing a response for Mamoun Abdoh and asked the Trustee to "treat this communication as responsive to both your letter *and the order*." (**Exhibit 6**, emphasis added.)

12. The parties appeared on January 14, 2025, and the Court took the motion to quash off the calendar in light of the prior orders. (Dkt. 83.)

13. On January 24, 2025, Respondents did not produce documents. On February 4, 2025, Respondents' counsel advised that he did not "have anything new to produce."

**III.    Argument**

14. The Court should order Respondents to comply not only with valid subpoenas but with the Court's order on January 7, 2025. The fact that a formal order was not entered due to an administrative error does not eliminate either (1) Respondents' duty to produce responsive documents, or (2) the force of the Court's oral directive at the January 7, 2025 hearing. Respondents' counsel *confirmed in writing* in a January 9 email that he understood his clients to be under an order. Respondents have not provided an excuse for non-compliance.

15. The only questions are: (1) the appropriate time for compliance, and (2) the sanction for Respondents' non-compliance. Respondents have had the subpoenas for approximately

4

six months. They have had the Trustee's letter explaining the scope of the Trustee's requests for nearly two. And they have known of the Court's order since January 7, 2025. Respondents should be required to produce documents within 24 hours of an order on this motion. The Court also should order Respondents to pay the Trustee the reasonable attorneys' fees and costs incurred in connection with this motion.

WHEREFORE, the Trustee respectfully requests that the Court enter an order compelling Respondents to produce the documents ordered on January 7, 2025 within 24 hours and award the Estate reasonable attorneys' fees with respect to the Motion.

Dated: February 4, 2025

GUS A. PALOIAN, not individually or personally, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate

By:   */s/ Jonathan M. Cyrluk*
Jonathan M. Cyrluk

Jonathan M. Cyrluk
Steven C. Moeller
CARPENTER LIPPS LLP
180 North LaSalle Street, Suite 2105
Chicago, Illinois 60601
312-777-4300 (tel)
312-777-4839 (fax)
cyrluk@carpenterlipps.com
moeller@carpenterlipps.com

David A. Beck*
CARPENTER LIPPS LLP
280 North High Street, Suite 1300
Columbus, Ohio 43215
614-365-4100 (tel)
614-365-9145 (fax)
beck@carpenterlipps.com

*Special counsel to Chapter 7 Trustee Gus A. Paloian*

*Admitted Pro hac vice

5